THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* VERNON McCONNELL, Defendant-Appellant.

(No. 73-359;

Fifth District—April 19, 1974.

CREBS, J., took no part.

Robert E. Farrell, Deputy Defender, of Mt. Vernon, for appellant.

John H. Ward, State's Attorney, of Taylorville, for the People.

PER CURIAM:

The defendant was indicted for the offense of forgery, pled guilty to that offense and petitioned the court for probation. The plea was not negotiated. A sentencing hearing was held, and the court denied probation and sentenced the defendant to a minimum of 1½ and a maximum of 6 years in the penitentiary.

The defendant's sole contention on appeal is that the minimum sentence should be reduced to 1 year so as "to place the trust in the parole authorities anticipated by the enactment of the Unified Code of Corrections." Ill. Rev. Stat., ch. 38, sec. 1001—1—1 *et seq.*

The presentence report reveals that the defendant, who was 21 years old at the time of the alleged offense, has been in constant trouble with the law since he was 17. On June 23, 1969, the defendant was adjudicated a delinquent minor and was placed on probation for 1 year. The defendant was subsequently charged with possession of alcoholic liquor by a minor. He pled guilty and was fined. On September 22, 1969 the defendant pled guilty to the charge of criminal damage to property and was fined. One month later the defendant pleaded guilty to obstructing justice. The court revoked probation and sentenced the defendant to serve 6 months at the Illinois State Farm.

On December 21, 1971, the defendant was charged with theft under $150. He pleaded guilty and was placed on probation for 2 years. In June, 1971, the defendant pleaded guilty to disorderly conduct and was fined. Also in June, 1971, he pleaded guilty to theft under $150 and was sentenced to spend 30 days in the county jail.

On April 5, 1972, the defendant entered a plea of guilty to the charge of attempted deceptive practices and was fined. In August, 1972, the defendant was sentenced to a 6-month term at the State Farm pursuant to his plea of guilty to deceptive practices. In September, 1972, the defendant pleaded guilty to leaving the scene of an accident and received a 6-month term at the State Farm. He was sentenced to still another 6-month term in October, 1972, pursuant to his plea of guilty to theft under $150. The 3 sentences of 6 months imposed in 1972 were to run concurrently. Finally, on June 26, 1973, the defendant pleaded guilty to the charge of forgery.

Given the defendant's prior record, we could not conceivably determine that the Circuit Court of Christian County abused its discretion in imposing a minimum sentence of 1½ years upon the defendant.

Judgment affirmed.

Mr. JUSTICE CREBS took no part in the consideration or decision of this case.